# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# BRUNSWICK DIVISION

CLEVELAND D. ENMON, JR. )
)
    Plaintiff, )
v. )   Case No. CV213-145
)
MAGISTRATE JUDGE JAMES E. )
GRAHAM, BRIAN T. RAFFERTY, )
JEFFREY BUERSTATTE, )
and MICHAEL MARBERT, )
)
    Defendants. )

## REPORT AND RECOMMENDATION

Proceeding *pro se*, inmate Cleveland D. Enmon, Jr. has filed a form "42 U.S.C. § 1983, § 1985" complaint against a magistrate judge of this Court, along with two federal prosecutors and a special agent with the Drug Enforcement Administration ("DEA"). Doc. 1. He also seeks leave to proceed *in forma pauperis* (IFP).[1] Doc. 2.

---

[1] Since he has completed his IFP paperwork, docs. 6 & 7, the Court will now screen his case under 28 U.S.C. § 1915(e)(2)(B)(ii), which allows a district court to dismiss *sua sponte* an IFP complaint that fails to state a claim for relief. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief, and 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

Enmon's complaint, wherein he seeks dismissal of a criminal case against him, is subject to immediate dismissal because he fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6). He sues DEA Agent Michael Marbert because, in connection with his arrest and later prosecution on felony drug charges, Marbert "illegally seized my personal bank account and automobile." Doc. 1 at 4. He sues the remaining, otherwise immune defendants (the judge and prosecutors)² for violating his "right to due process" and "cruel and unusual punishment" in connection with his prosecution. *Id.* at 4-5.

A § 1983 (or *Bivens*)³ damages claim that calls into question the lawfulness of the conviction or sentence simply "does not accrue until the

---

The Court applies the Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (*pro se* pleadings are still construed liberally after *Iqbal*).

² His case against them must be dismissed on judicial and prosecutorial immunity grounds alone. *Rehberg v. Paulk*, ___ U.S. ___, 132 S. Ct. 1497, 1503 (2012); *Lockett v. Wright*, 2013 WL 497592 at * 3 (S.D. Ga. Jan. 15, 2013).

³ *See Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (recognizing claim for damages against federal agents for violations of plaintiff's Fourth Amendment rights).

2

conviction or sentence has been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). Enmon has been jury-convicted of felony drug charges, CR213-004, doc. 77, awaits sentencing, *id.*, doc. 88, and therefore cannot rationally plead that his conviction has been vacated. Hence, his case against the "immune" defendants is *Heck*-barred. *See Leonard v. FBI*, 405 F. App'x 386, 338 (11th Cir. 2010) (state inmate plaintiff failed to state § 1983 claim against state prosecutor and *Bivens* claim against FBI for malicious prosecution, absent allegation of termination in his favor of state-court criminal prosecution); *Salas v. Pierce*, 297 F. App'x 874, 876 (11th Cir. 2008) (district court properly found that "claim against the Assistant District Attorney for conspiring with his counsel to coerce him into pleading guilty" was barred by *Heck* because plaintiff failed to allege his sentence or conviction had been reversed).

Enmon's Fourth Amendment claim, that agent Marbert "illegally seized [his] personal bank account and automobile," doc. 1 at 4, is not *Heck*-barred since a successful result would not necessarily contradict his conviction. *See, e.g., Henderson v. Davis*, 467 F. App'x 829, 829 (11th Cir. 2012). But he pleads no facts whatsoever in support of his claim,

3

and his mere conclusory allegation does not suffice under the pleading standards set forth in *Ashcroft v. Iqbal*, 556 U.S. at 678. Nor does it appear that he is likely to salvage any part of this case if given a second chance to plead. *See, e.g., Simmons v. Edmondson*, 225 F.App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the defendants' immunity); *Sanford v. Patterson*, 2013 WL 5781668 at * 3 (M.D. Ga. Oct. 25, 2013).[4]

Cleveland D. Enmon's complaint should therefore be **DISMISSED WITH PREJUDICE**. He must also pay his $350 filing fee. His furnished account information shows that he has had no funds in his prison account during the past six months. Doc. 6. He therefore owes no initial partial filing fee. *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) therefore shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk

---

[4] *Cf. Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010) (even though IFP's litigant's *pro se* complaint failed to state basis for federal jurisdiction and failed to state a claim, and she failed to seek leave to amend her complaint, nevertheless she should have been afforded an opportunity to amend deficiencies prior to dismissal, where no undue time had elapsed, no undue prejudice could be shown, and the record revealed some potential claim-resuscitation).

4

each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this directive, and all financial information concerning payment of the filing fee and costs in this case, to plaintiff's new custodian, who shall continue to collect funds from his account until the full filing fee has been paid.

**SO REPORTED AND RECOMMENDED** this 3rd day of June, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA